UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Crosby, | ) C/A No. 9:14-1163-RBH-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden, Allendale Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Anthony Crosby ("Petitioner"), a state prisoner in the Allendale Correctional Institution of the South Carolina Department of Corrections, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1990 convictions for burglary of a dwelling and for three counts of assault and battery. *See* Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Further, subsection (d) of § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.



(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner pled guilty to burglary of a dwelling and three counts of assault and battery in Anderson County, South Carolina, and on August 2, 1990 received a sentence of life imprisonment. ECF No. 1 at 1. Petitioner states that he did not file a direct appeal. He may be asserting that he filed an application for post conviction relief ("APCR") in, approximately, 1991, but provides no further information concerning any APCR. *Id.* at 1-4, 6. In any event, the AEDPA became law on April 24, 1996, and since Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his petition. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998)(petitioner whose conviction became final prior to the enactment of the AEDPA shall have one year from the date of enactment to file a habeas petition). The instant Petition was filed nearly seventeen (17) years after the April 24, 1997 deadline.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006)(carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* Similarly, the United



3

States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F.3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Here, the standard habeas petition form (AO-241) requests information in Question #18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner gave his reason as "because I was young and ignorant of the law at the time." ECF No. 1 at 13. Further, in order to provide the "fair notice" required by *Day, McMillan* and *Hill*, Petitioner was given the opportunity, by order dated April 10, 2014, to show cause why his case should not be dismissed on timeliness grounds. Petitioner was specifically informed that the Court was considering dismissal of his case based on the one-year statute of limitations and given an opportunity to provide facts concerning the issue of timeliness of his Petition that would cast doubt on whether this action should be dismissed based on the limitations bar. Additionally, it was noted that Petitioner did not appear to have asserted any grounds,* pursuant to § 2254(a)," that he is in

---

*Petitioner wrote that his first ground for habeas relief was that his correctional institution lost his transcript. He erased the title headings of his second and third grounds, although he may be asserting that he filed a motion for discovery with an unspecified clerk of court and was erroneously provided with someone else's information. ECF No. 1 at 5-8.

4

custody in violation of the Constitution or laws or treaties of the United States." Thus, Petitioner was also given the opportunity to file a statement with the court indicating any ground(s) upon which he was seeking habeas relief.

Petitioner failed to reply to the order to show cause, and has not provided this Court with any information sufficient to support an equitable tolling of the limitations period. As noted in the show cause order, Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). As noted above, Petitioner argued in his Petition that the time should be tolled because he was "young" and "ignorant" of the law. However, it is a long-established rule that "ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply equitable tolling where the delay in filing was the result of the plaintiff's unfamiliarity with the legal process or his lack of representation); *Marrero Morales v. Bull Steamship Co.*, 279 F.2d 299 (1st Cir. 1960)(principle is equally applicable to ignorance of substantive rights and procedural issues). Further, Petitioner makes no compelling argument that this ignorance was outside of his control. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (A petitioner "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.")(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).



5

In an unpublished case, the Fourth Circuit found extraordinary circumstances existed when a clerk of court erroneously failed to place an otherwise timely § 2254 petition on the docket, thus rendering it untimely. *Parmaei v. Jackson*, 378 F. App'x 331 (4th Cir. 2010). However, in that case the petitioner had made every effort to timely file his petition and was impeded only by circumstances outside of his control; therefore, the Fourth Circuit found the limitations period was equitably tolled. *Id.* at 332. No similar argument or facts supporting such relief has been presented in this case. Petitioner may be asserting that he had trouble obtaining a copy of his trial transcript, but has made no compelling argument that his failure to pursue habeas relief was due to extraordinary circumstances or to some circumstance beyond his control. In light of the absence of any extraordinary circumstances beyond Petitioner's control that would weigh in favor of equitably tolling the limitations period, the instant petition should be dismissed as untimely.

Alternatively, this action should be dismissed pursuant to Rule 41 for Petitioner's failure to comply with an order of this Court and for his failure to prosecute this action. In an order entered April 10, 2014, Petitioner was given twenty-one (21) days to bring his Complaint into proper form by paying the five-dollar ($5) filing fee for a habeas corpus action or completing and returning the provided Form AO 240 (application to proceed *in forma pauperis*) and for Petitioner to respond to the show cause order. Petitioner was specifically admonished that if he failed to provide the items specified within the period prescribed in the proper form order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. *See In re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA.

Petitioner failed to comply with the proper form order. This case has been pending for over three (3) months, with Petitioner still having failed to complete the proper form process and

6

to respond to the show cause order. Respondent has been served. It is recommended that this case be dismissed, without prejudice, for the failure of Petitioner to comply with this Court's order or to properly prosecute his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)(a court may, *sua sponte*, dismiss an action pursuant to Rule 41(b) for failure to prosecute); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning), *cert. denied sub nom., Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990).

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July ___, 2014
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

